IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL LUZZI,<br><br>    Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>    Defendants. | Case No. 1:19-cv-04287 |

## COMPLAINT

NOW COMES Plaintiff, DANIEL LUZZI, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, MIDLAND CREDIT MANAGEMENT, INC., as follows:

## NATURE OF THE ACTION

1. This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. DANIEL LUZZI ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Chicago, Illinois.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") is a foreign corporation with its principal place of business located in San Diego, California.

1

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

8. Plaintiff's wife applied for and was approved for a Lane Bryant Credit Card issued by Comenity Bank.

9. Sometime thereafter, approximately $1,950.00 in clothing purchases were made on Plaintiff's wife's account.

10. Said charges are a "debt" as defined by 15 U.S.C. § 1692a(5) as they were incurred for personal, family, or household purposes.

11. As result of financial hardship, Plaintiff's wife defaulted by failing to make a minimum monthly payment.

12. Subsequently, Comenity Bank referred Plaintiff's wife's account to Defendant for collection.

13. On May 17, 2019, Defendant telephoned Plaintiff's wife.

14. Plaintiff's wife advised that she was unable to discuss; will call back.

15. Plaintiff did not call back.

16. On May 19, 2019, Defendant telephoned Plaintiff's wife.

17. Unbeknownst to Defendant, Plaintiff had her cellular telephone.

18. Plaintiff advised that he is grocery shopping with kids; will call back.

19. Defendant informed Plaintiff that Plaintiff's wife did not call back; that they did not believe he will call back either.

20. Defendant demanded payment otherwise they will take Plaintiff to court.

21. The following day, Plaintiff made $25.00 payment as well as agreed to make payments to Defendant over next 14 months.

## **DAMAGES**

22.     Defendant's threat caused fear that Plaintiff will soon be subject to collection proceedings initiating Plaintiff's hastily payment to Defendant on Plaintiff's wife debt.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq*.)**

23.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### **Violation(s) of 15 U.S.C. § 1692e**

24.     Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2)     The false representation of –

       (A)     the character, amount, or legal status of any debt.

(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken; and

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2)(A), e(5), e(10).

25.     Indeed, merely dunning a person who is not legally obligated to pay the debt makes the debt collector liable under the FDCPA as a matter of law because it is, *ipso facto*, a false representation about the status of character of the debt.  *See Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991).

26. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by falsely representing – *by implication* – that Plaintiff is responsible for Plaintiff's wife's debt by threatening Plaintiff with collection proceedings

27. Defendant violated 15 U.S.C. § 1692e(5) by threat of action – namely, *collection proceedings* – that Defendant did not intend to take.

28. Defendant's threat of collection proceedings appears to be an empty threat designed to intimidate Plaintiff into making a payment.

29. Plaintiff may enforce the provisions of 15 U.S.C. § 1692e(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1)  any actual damage sustained by such person as a result of such failure;

(2)

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)  in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.  a finding that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(5), e(10);

B.  an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.  an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

4

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: June 26, 2019

Respectfully submitted,

**DANIEL LUZZI**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com